CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
November 13, 2025
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
    DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **JOSIE H. LANTRY,** | ) |
| Petitioner, | ) Civil Action No. 7:25cv00298 |
| | ) |
| v. | ) MEMORANDUM OPINION |
| | ) |
| **CHADWICK DOTSON,**[1] | ) By: Robert S. Ballou |
| Respondent. | ) United States District Judge |

Josie H. Lantry, a Virginia inmate proceeding *pro se*, has filed a letter which the court construes as a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. He alleges that the Montgomery County General District and Circuit Courts are violating his right to a speedy trial and his right against double jeopardy. At the time he submitted his letter, he had not yet gone to trial, although the Virginia Case Information System online indicates that his case proceeded to jury trial two weeks after the court received his letter, and his appeal is currently pending before the Court of Appeals of Virginia.

Before a petitioner may seek habeas relief in federal court, he must exhaust the remedies available in the courts of the state in which he was convicted. 28 U.S.C. § 2254(b). To exhaust his state remedies, Lantry must properly present his claims first to the highest state court with jurisdiction to consider them on the merits, in this case, the Supreme Court of Virginia. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Failure to do so "deprive[s] the state courts of an opportunity to address those claims in the first instance." *Coleman v. Thompson*, 501 U.S. 722 (1991). Where, as here, a petitioner files in federal court while he still has available state court

---

[1] Under Rule 2(a) of the Rules Governing Section 2254 Cases, if the petitioner is in custody pursuant to a state court judgment, the respondent in a habeas petition shall be the state officer who has custody. That officer is Chadwick Dotson, Director of the Virginia Department of Corrections. Chadwick Dotson shall be named as the respondent, and the Clerk shall update the docket accordingly.

proceedings in which to litigate his habeas claims, the federal court must dismiss the petition without prejudice, to allow him to exhaust his state court remedies. *See Slayton v. Smith*, 404 U.S. 53, 54 (1971).

Lantry still has several opportunities to present his issues to the Supreme Court of Virginia. First, he may pursue his current appeal to the Supreme Court of Virginia, if he is not satisfied with the outcome in the Court of Appeals. After he has reached the end of his direct appeals, he may file a state habeas petition, either in the Circuit Court where he was convicted (appealing any unfavorable decision to the Supreme Court of Virginia), or he may file his habeas petition directly with the Supreme Court of Virginia. Va. Code § 8.01-654. Because his direct appeal is still ongoing, Lantry has ample opportunity to raise his constitutional challenges in the Supreme Court of Virginia, which he must do before presenting the issues to the federal court.

Because Lantry has not yet exhausted his state court remedies, I will dismiss his petition without prejudice. An appropriate order will be entered this date.

Enter: November 12, 2025

/s/ Robert S. Ballou

Robert S. Ballou
United States District Judge